UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
WORLDVIEW ENTERTAINMENT HOLDINGS INC.,    Case No. 1:19-cv-06519 (JGK)
WORLDVIEW ENTERTAINMENT HOLDINGS LLC,
& ROSELAND VENTURES LLC,

               Plaintiffs,

    - against -

CHRISTOPHER WOODROW, SARAH WOODROW,
THE ESTATE OF CONSTANCE WOORDROW,
GOETZ FITZPATRICK LLP AND AARON BOYAJIAN,
ESQ.,

               Defendants.
-----------------------------------------------------------------------x

## PLAINTIFFS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTION FOR REMAND

*Respectfully Submitted By:*

*Quinn McCabe LLP*
*9 East 40th Street, 14th Floor*
*New York, New York 10016*
*(212) 447-5500*
*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

                                                          **Page**

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT ............................................................................................ 1

STATEMENT OF FACTS RELEVANT TO THE INSTANT MOTION ............................... 2

ARGUMENT........................................................................................................................... 5

    I.   DEBTOR'S REMOVAL OF THE ENTIRE ACTION WAS IMPROPER AS THIS COURT LACKS JURISDICTION OVER PLAINTIFFS' CLAIMS AGAINST THE NONDEBTOR DEFENDANTS, WHICH CLAIMS HAVE NOTHING TO DO WITH DEBTOR'S BANKRUPTCY ............................................. 5

    II.  THE REMAINING PENDING CLAIMS IN THE ACTION SHOULD BE REMANDED TO THE STATE COURT UNDER THE DOCTRINES OF PERMISSIVE ABSTENTION AND EQUITABLE REMAND................................... 8

CONCLUSION..................................................................................................................... 14

CERTIFICATE OF COMPLIANCE .................................................................................... 15

# TABLE OF AUTHORITIES

Page

**Cases**

California Pub. Employees' Ret. Sys. v. WorldCom, Inc.,
    368 F.3d 86 (2d Cir. 2004) ............................................................................... 5

Celotex Corp. v. Edwards, 514 U.S. 300 (1995) ........................................................ 5

Digital Satellite Lenders, LLC v. Ferchill,
    No. 03 Civ. 8803 (RWS), 2004 WL 1794502 (S.D.N.Y. Aug. 10, 2004) ............ 6-7, 10-11

In re 610 W. 142 Owners Corp.,
    No. 94 B 44488(JGH), 1999 WL 294995 (S.D.N.Y. May 11, 1999) .................... 9

In re Cody, 281 B.R. 182 (S.D.N.Y. 2002) ................................................................. 9

In re Curtina Int'l, 15 B.R. 993 (Bankr. S.D.N.Y. 1981) ........................................... 7

In re Finnie, Adversary No. 05-3652 (AJG),
    2007 WL 1574294 (Bankr. S.D.N.Y. May 29, 2007) ......................................... 6-7

In re Holland Indus., Inc., 103 B.R. 461 (Bankr. S.D.N.Y. 1989) ............................. 6

In re Indicon, Inc., 645 Fed.Appx. 39 (Summary Order 2d Cir. 2016) ..................... 6

In re Johnson & Johnson, 2019 WL 2497856 (S.D.N.Y. Jun. 4, 2019) ................... 9-11

In re R.H.N. Realty Corp., 84 B.R. 356 (Bankr. S.D.N.Y. 1988) ............................. 7

In re Shirley Duke Assocs., 611 F.2d 15 (2d Cir.1979) ............................................ 6

In re West 57th Street Concrete Corp., No. 96 Civ. 3854,
    1996 WL 706931 (S.D.N.Y. Dec. 9, 1996) ......................................................... 7

In re WorldCom, Inc. Secs. Litig., 293 B.R. 308 (S.D.N.Y. 2003) ........................... 5

Little Rest Twelve, Inc. v. Visan, 458 B.R. 44 (S.D.N.Y. 2011) ............................. 9-13

Orion Ref. Corp. v. Fluor Enters., Inc., 319 B.R. 480 (E.D. La. 2004) ..................... 6

|  | Page |
|---|---|
| Osuji v. Fed. Nat'l Mortgage Assoc., 571 B.R. 518 (E.D.N.Y. 2017) | 9, 10, 12 |
| Ret. Sys. of Alabama v. Merrill Lynch & Co., 209 F.Supp.2d 1257 (M.D. Ala. 2002) | 6 |

**Statutes**

| | |
|---|---|
| 28 U.S.C. §§ 1334(b) | passim |
| 28 U.S.C. §§ 1334(c)(1) | passim |
| 28 U.S.C. §§ 1447(c) | passim |
| 28 U.S.C. §§ 1452(a) | passim |

# PRELIMINARY STATEMENT

Plaintiffs Worldview Entertainment Holdings Inc. ("Worldview Inc."), Worldview Entertainment Holdings LLC ("Holdings LLC"), and Roseland Ventures LLC ("Roseland", and together with Worldview Inc. and Holdings LLC, "Plaintiffs") respectfully submit this Memorandum of Law in support of their motion for an order, pursuant to 28 U.S.C. §§ 1447(c), 1334(c)(1) and 1452(a), remanding this entire action to the Supreme Court of the State of New York, New York County, the state court from which it was removed. Defendant Christopher Woodrow's ("Debtor") removal of Plaintiffs' claims against the nondebtor defendants was improper, as this Court lacks subject matter jurisdiction over such claims. As described below, Plaintiffs' claims against nondebtors Goetz Fitzpatrick LLP and Aaron Boyajian, Esq. (collectively, the "Goetz Defendants"), Sarah Woodrow ("S. Woodrow") and The Estate of Constance Woodrow (the "Estate") are state law claims between nondebtor parties that will not have an effect on the bankruptcy estate. Consequently, this Court lacks subject matter jurisdiction over such claims under 28 U.S.C. §§ 1452(a) and 1334(b), the purported bases of federal jurisdiction relied upon by Debtor, and Plaintiffs' claims against all nondebtor defendants should be remanded to the New York state court. See Point I below.

Remand of the remaining claims in this action—Plaintiff's claims against Debtor arising from his pre-petition fraudulent and other misconduct and Debtor's few pending counterclaims—is warranted under the doctrines of permissive abstention and equitable remand. Remand is particularly appropriate here given the many factors favoring such a result. As detailed below, the predomination of state law issues, the presence of a related proceeding commenced in state court and the fact that Debtor's bankruptcy filing is the only basis for federal court jurisdiction all warrant remand. Moreover, the impression of forum-shopping by Debtor

(given Debtor's history of repeatedly attempting to re-litigate already decided issues in the State Court) and the prejudice to Plaintiffs and inefficiency for the courts for the parties to begin litigating these long-standing claims before a different court are yet additional bases for remand. See Point II below. For the foregoing reasons, this Court should grant the instant motion and remand the entire action to the New York state court.

## STATEMENT OF FACTS RELEVANT TO THE INSTANT MOTION

In October 2014, following Worldview Inc.'s for-cause termination of Debtor's employment as its President and Chief Executive Officer, Plaintiffs commenced this action (sometimes referred to herein as the "Worldview Action") in the Supreme Court of the State of New York, New York County (the "State Court"), Index No. 159948/2014, against Debtor, S. Woodrow (Debtor's wife), and the Estate (the estate of Debtor's deceased mother), asserting state law claims principally arising from Debtor's embezzlement (of at least $700,000) and all defendants' other wrongful conduct to the significant detriment of Plaintiffs. See Complaint, dated October 10, 2014, ECF Document No. 1-2 (Exhibit State Court Pleadings), at pp. 3-28.[1]

---

[1] In March 2016, the State Court consolidated the Worldview Action with two other actions also pending before the State Court, Johnson v. Cestone, et al., Index No. 152444/2015 (the "Johnson Action"), which action remains pending in the State Court, and Morgan v. Worldview Entertainment Holdings Inc., et al., Index No. 652323/2014 (the "Morgan Action"), for purposes of joint discovery. See accompanying Declaration of Simon Block, dated August 12, 2019 ("Block Dec."), ¶ 3 and Exh. A. By a separate Notice of Removal, filed July 13, 2019 in this Court in Case No. 1:19-cv-06520, Debtor has also (improperly) removed the entirety of the Morgan Action to this Court. Id., at ¶ 4 and Exh. B. Based on Debtor's counsel's filing of a

2

In December 2017, Plaintiffs filed an Amended Complaint adding new claims against defendants Goetz Fitzpatrick LLP and Aaron Boyajian, Esq. (collectively, the "Goetz Defendants"), former counsel to Worldview Inc. and Holdings LLC, principally arising from the Goetz Defendants' wrongful conduct in improperly diverting Worldview Inc.'s assets to third parties. See Amended Complaint, dated December 12, 2017 ("Amended Complaint"), ECF Document No. 1-2 (Exhibit State Court Pleadings), at pp. 187-226. Specifically, the Amended Complaint includes claims against the Goetz Defendants for breach of contract (certain escrow agreements), breach of the implied covenant of good faith and fair dealing, aiding and abetting fraud, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, professional malpractice, unjust enrichment and an accounting. Amended Complaint, at Fifteenth Claim for Relief through Twenty-Third Claim for Relief (at ¶¶ 177-220).

Plaintiffs' claims against S. Woodrow and the Estate are based on their own wrongful conduct in connection with Debtor's embezzlement and other wrongdoing. Specifically, the Amended Complaint includes claims against S. Woodrow and the Estate for aiding and abetting breach of fiduciary duty, unjust enrichment, imposition of a constructive trust, conversion, aiding and abetting conversion, and an accounting. Amended Complaint, at Third, Fourth, and Sixth through Ninth Claims for Relief (at ¶¶ 111-122 and 133-148).

By order filed December 26, 2018, the State Court dismissed several claims asserted against the Goetz Defendants, but denied the Goetz Defendants' motion to dismiss the Fifteenth

---

Related Case Affirmation in Case No. 1:19-cv-06520, this Court re-assigned Case No. 1:19-cv-06520 to the Honorable John G. Koeltl as related to this proceeding (Case No. 1:19-cv-06519). See July 23, 2019 docket entries in Case No. 1:19-cv-06520.

Claim for Relief (Breach of Contract (Film Funds Escrow Agreements) by Goetz), the Twenty-First Claim for Relief (Negligence/Professional Malpractice by the Goetz Defendants), and the Twenty-Third Claim for Relief (Accounting). See Block Dec., ¶ 5 and Exh. C. On April 2, 2019, Plaintiffs timely noticed an appeal of the portions of the State Court order which dismissed all other claims asserted against the Goetz Defendants, which appeal has not yet been perfected. Block Dec., ¶ 6 and Exh. D.

On March 14, 2019, Debtor commenced a Chapter 7 bankruptcy case in the United States Bankruptcy Court for the Central District of California, Case Number 2:19-bk-12753-SK (the "Chapter 7 Case"). Block Dec, ¶ 7. Debtor's spouse, defendant S. Woodrow, did not join in the filing of Debtor's petition commencing the Chapter 7 Case. Id., at ¶ 8 and Exh. E, at p. 3 of 24. By order filed March 27, 2019, the State Court stayed the Worldview Action in its entirety as a result of Debtor's commencement of the Chapter 7 Case. Block Dec., ¶ 9 and Exh. F.

On June 14, 2019, Plaintiffs, along with Worldview Entertainment Partners VII LLC ("WEP VII"), a third-party plaintiff in the Morgan Action, filed an adversary proceeding complaint (in the Chapter 7 Case) against Debtor (the "Adversary Proceeding Complaint") for the nondischargeability of Debtor's debts to Plaintiffs and WEP VII in connection with Debtor's pre-petition conduct underlying the complaints in this action and the Morgan Action. Block Dec., ¶ 10 and Exh. G. Plaintiffs and WEP VII filed the Adversary Proceeding Complaint in order to preserve their claims against Debtor.[2]

---

[2] For the reasons described herein, Plaintiffs request that this Court remand this entire action to the State Court. In the event this Court grants the requested relief, Plaintiffs plan to promptly request that the bankruptcy court hearing both the Chapter 7 Case and the Adversary Proceeding

4

# ARGUMENT

I. **DEBTOR'S REMOVAL OF THE ENTIRE ACTION WAS IMPROPER AS THIS COURT LACKS JURISDICTION OVER PLAINTIFFS' CLAIMS AGAINST THE NONDEBTOR DEFENDANTS, WHICH CLAIMS HAVE NOTHING TO DO WITH DEBTOR'S BANKRUPTCY.**

Debtor's removal of the entire action to this Court was improper, as this Court lacks subject matter jurisdiction under 28 U.S.C. §§ 1452(a) and 1334(b) – the purported bases of jurisdiction relied upon by Debtor – over Plaintiffs' claims against all <u>nondebtor</u> defendants. Accordingly, this Court must remand Plaintiffs' claims against all nondebtor defendants to the State Court.

A party seeking to remove an action from state court to federal court bears the burden of proving federal jurisdiction. <u>In re WorldCom, Inc. Secs. Litig.</u>, 293 B.R. 308, 316 (S.D.N.Y. 2003); <u>California Pub. Employees' Ret. Sys. v. WorldCom, Inc.</u>, 368 F.3d 86, 100 (2d Cir. 2004) ("defendant bears the burden of demonstrating the propriety of removal" (internal quotations omitted)). "If there is doubt as to whether federal jurisdiction exists, remand is appropriate." <u>In re WorldCom, Inc. Secs. Litig.</u>, 293 B.R. at 316. As detailed below, Debtor has utterly failed to satisfy his burden of demonstrating the propriety of his removal of Plaintiffs' claims against the nondebtor defendants, as this Court lacks subject matter jurisdiction over such claims.

While 28 U.S.C. § 1334(b) grants jurisdiction to the federal courts over claims "related to" a bankruptcy, "bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor." <u>Celotex Corp. v. Edwards</u>, 514 U.S. 300, 308 n.6 (1995). In other

---

Complaint: (i) grant relief from the automatic stay so as to allow Plaintiffs and Debtor to litigate the claims between them in the State Court; and (ii) hold the Adversary Proceeding Complaint in abeyance pending the State Court's determination of the parties' claims against one another.

words, "§ 1452 authorizes a party to remove a particular "claim or cause of action" that touches on the administration of a bankruptcy estate, but not an entire "action" involving claims and other parties that may have nothing to do with the bankruptcy." Ret. Sys. of Alabama v. Merrill Lynch & Co., 209 F.Supp.2d 1257, 1264 (M.D. Ala. 2002) (emphasis added); see also Digital Satellite Lenders, LLC v. Ferchill, No. 03 Civ. 8803 (RWS), 2004 WL 1794502, at *3 (S.D.N.Y. Aug. 10, 2004) ("Because the language of § 1452(a) permits the removal of a 'claim or cause of action' if the court has jurisdiction under § 1334, the requirement of subject matter jurisdiction must be met with respect to the claims against each defendant.") (emphasis added); Orion Ref. Corp. v. Fluor Enters., Inc., 319 B.R. 480, 487 (E.D. La. 2004) ("To remove the entire action, there must be a jurisdictional basis in federal court as to each party ....") (emphasis added).

"As a general rule, a bankruptcy court has no jurisdiction to decide controversies between third parties which do not involve the debtor or his property ...." In re Shirley Duke Assocs., 611 F.2d 15, 18 (2d Cir.1979); In re Finnie, Adversary No. 05-3652 (AJG), 2007 WL 1574294, at *12-13 (Bankr. S.D.N.Y. May 29, 2007) (quoting In re Shirley Duke Assocs.). "Relatedness [for purposes of assessing "related to" jurisdiction under 28 U.S.C. § 1334(b)] does not lie where the dispute, while 'conceivably' related to the bankruptcy estate, is so only remotely." In re Holland Indus., Inc., 103 B.R. 461, 468 (Bankr. S.D.N.Y. 1989).

Thus, the federal courts in this Circuit consistently dismiss for lack of subject matter jurisdiction claims involving disputes between nondebtors that will not have an effect on the bankruptcy estate, as such claims do not "relate to" a Title 11 case. In re Indicon, Inc., 645 Fed.Appx. 39, 40 (Summary Order 2d Cir. 2016) (affirming district court dismissal of adversary proceeding for lack of subject matter jurisdiction where plaintiff's claims against nondebtor defendants "would have had 'no effect on the estate of the debtor'"); In re Finnie, 2007 WL

6

1574294, at *12-13 (bankruptcy court did not have jurisdiction over plaintiff's claims against nondebtor, which were not directed at estate property); Digital Satellite Lenders, LLC, 2004 WL 1794502, at *3 (finding that court lacks subject matter jurisdiction over claims against nondebtor, where defendants failed to demonstrate that the resolution of such claims would have an effect on the bankrupt estate); In re West 57th Street Concrete Corp., No. 96 Civ. 3854, 1996 WL 706931, at *2 (S.D.N.Y. Dec. 9, 1996) (affirming bankruptcy court decision finding that bankruptcy court lacked subject matter jurisdiction over action to enforce charging lien, where "proceeding is not 'related to' a Title 11 case because the outcome has no effect on the debtor.").[3]

Here, Plaintiffs' claims against the Goetz Defendants in connection with their breach of escrow agreements and other wrongful conduct which improperly diverted Plaintiffs' assets to third parties, see Amended Complaint, at Fifteenth Claim for Relief through Twenty-Third Claim for Relief (at ¶¶ 177-220), are state law claims between nondebtor parties that will not have an effect on the bankruptcy estate. Plaintiffs' claims against S. Woodrow and the Estate are similarly based on their own misconduct, and, like Plaintiffs' claims against the Goetz Defendants, are state law claims between nondebtor parties that will not have an effect on the

---

[3] See also In re R.H.N. Realty Corp., 84 B.R. 356, 359 (Bankr. S.D.N.Y. 1988) (bankruptcy court did not have jurisdiction over assignee's claim against nondebtors as alter egos of debtor for monies owed under deficiency judgment); In re Curtina Int'l, 15 B.R. 993, 995 (Bankr. S.D.N.Y. 1981) (bankruptcy court did not have jurisdiction over creditor's action against nondebtors as alter egos of debtor, where creditor "neither seeks to recover assets for the [bankruptcy] estate nor from the estate").

bankruptcy estate. Accordingly, this Court lacks subject matter jurisdiction over all of Plaintiffs' claims against the nondebtor defendants, and should remand all of these claims to the State Court.

II. **THE REMAINING PENDING CLAIMS IN THE ACTION SHOULD BE REMANDED TO THE STATE COURT UNDER THE DOCTRINES OF PERMISSIVE ABSTENTION AND EQUITABLE REMAND.**

Remand of the remaining pending claims in this action—Plaintiff's claims against Debtor arising from his pre-petition fraudulent and other misconduct and Debtor's few pending counterclaims (for breach of certain alleged indemnification agreements, conversion and an accounting)[4]—is warranted under the permissive abstention and equitable remand doctrines. As described below, remand is particularly appropriate here given the many factors favoring such a result, including the predomination of state law issues, the presence of a related proceeding commenced in state court, the fact that the filing of the Chapter 7 Case is the only basis for federal court jurisdiction, Debtor's obvious forum-shopping and the prejudice to Plaintiffs and inefficiency for the courts for the parties to begin litigating these long-standing claims before a different court.

---

[4] Although the caption of this action in Debtor's Notice of Removal refers to alleged third-party claims asserted by Debtor against non-parties Maria A. Cestone ("Cestone") and Molly Conners ("Conners"), a review of the filings on the State Court electronic filing system (NYSCEF) in the Worldview Action makes clear that Debtor never initiated a third-party action, as the system does not reveal any third-party index number or filing of a supplemental summons in the Worldview Action directed to Cestone and/or Conners with respect to such alleged third-party claims. See Block Dec., at ¶ 20.

8

A court may permissively abstain from hearing particular claims over which it has jurisdiction under 28 U.S.C. § 1334(c)(1) "'in the interest of justice, or in the interest of comity with State courts or respect for State law', or may remand pursuant to 28 U.S.C. 1452(b) such claim[s] or cause[s] of action 'on any equitable ground.'" Little Rest Twelve, Inc. v. Visan, 458 B.R. 44, 60 (S.D.N.Y. 2011) (Koeltl, J.). "The two inquiries are essentially the same and are often analyzed together." Id. When deciding whether permissive abstention and equitable remand is appropriate, courts typically consider one or more, but not necessary all, of the following factors:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties.

In re Cody, Inc., 281 B.R. 182, 190-91 (S.D.N.Y. 2002) (quoting In re 610 W. 142 Owners Corp., No. 94 B 44488(JGH), 1999 WL 294995 (May 11, S.D.N.Y. 1999)); Osuji v. Fed. Nat'l Mortgage Assoc., 571 B.R. 518, 521 (E.D.N.Y. 2017). See also In re Johnson & Johnson, 2019 WL 2497856, at *3 (S.D.N.Y. Jun. 4, 2019) (citing seven of above factors); Visan, 458 B.R. at 60 (citing to nine of the above factors). "The court is not required, however, to consider each of these factors, and may permissively abstain where only some of them favor abstention." Osuji, 571 B.R. at 521.

Many of the key factors favor abstention and remand of Plaintiffs' claims against Debtor and Debtor's few remaining pending counterclaims against Plaintiffs. First, state law issues predominate over bankruptcy issues with respect to all of the pending claims at issue in the action. A review of the operative pleadings, which are devoid of any citation to federal law, make clear that all of the pending claims at issue in the action are state law claims. See Amended Complaint, ECF Document No. 1-2 (Exhibit State Court Pleadings), at pp. 187-226; Amended Answer with Counterclaims and Third-Party Claims, dated December 17, 2015, ECF Document No. 1-2 (Exhibit State Court Pleadings), at pp. 91-134; Reply to Counterclaims, dated May 31, 2016, ECF Document No. 1-2 (Exhibit State Court Pleadings), at 135-186. "Courts in this Circuit frequently cite the second factor—the extent to which state law issues predominate over bankruptcy issues—as a reason for permissively abstaining." Osuji, 571 B.R. at 522 (finding that bankruptcy court did not abuse its discretion in permissively abstaining where, among other factors, apart from jurisdictional allegations, the pleading at issue was devoid of any citations to federal law); Visan, 458 B.R. at 60 (finding permissive abstention and equitable remand appropriate where, among other factors, "[t]he cases contain exclusively state law claims with little, if any, relevance to federal law"); In re Johnson & Johnson, 2019 WL 2497856, at *3 ("state law predomination and comity … strongly favor remand"); Digital Satellite Lenders, LLC, 2004 WL 1794502, at *6 (state law predomination and comity favor remand where "this action turns entirely on questions of New York law").[5] Thus, the second factor favors remand.

---

[5] Courts often take into account considerations of comity when reviewing the second factor (predomination of state law issues), finding that "[c]omity as a general matter counsels leaving matters of state law to state courts." Visan, 458 B.R. at 60; Digital Satellite Lenders, LLC, 2004

10

The fourth factor, the presence of a related proceeding commenced in state court, also favors remand. As noted above, this action was previously consolidated for discovery purposes with the Johnson Action and the Morgan Action, the latter of which includes Debtor as a party and which was pending in the State Court until Debtor improperly removed it to this Court.

The fifth factor, the basis for federal court jurisdiction, also favors remand. The only basis for federal court jurisdiction identified in Debtor's Notice of Removal is 28 U.S.C. § 1334(b). See Notice of Removal, ECF Document No. 1, at 4-5. The absence of any other basis of federal court jurisdiction is therefore yet another basis for remand.

The tenth factor, the likelihood that removal involves forum shopping by one of the parties, as well as a related factor considered by the courts, the prejudice to the involuntarily removed parties, both favor remand. See Visan, 458 B.R. at 60 (finding that "the involuntarily parties would be severely prejudiced by being forced to relitigate matters that were addressed in state court" and that "the removal petitions produce an unmistakable impression of forum-shopping…."); In re Johnson & Johnson, 2019 WL 2497856, at *4 (finding that prejudice factor "strongly favors remand" where "Plaintiffs have been litigating these cases in state court for over a year (and in some cases, almost two years). … To now remove them to federal court would be prejudicial to Plaintiffs, not to mention inefficient for the courts.").

This action, which was initially commenced in the State Court almost <u>five years ago</u>, has been actively litigated since its commencement, with the parties already having conducted

---

WL 1794502, at *6 ("considerations of comity with state courts favor remand"); In re Johnson & Johnson, 2019 WL 2497856, at *3 (considering predomination of state law issues and comity together).
11

extensive written discovery and engaged in extensive motion practice. See ECF Document No. 1-1 (Exhibit State Court Case Docket) (reflecting thirteen motions dating back to November 2014). Just by way of example, in the State Court proceedings, the trial court has already heard and ruled upon Debtor's motions for an advancement of defense expenses (part of the relief sought in his pending Counterclaim II against Plaintiffs) on <u>five</u> separate occasions. Block Dec., ¶¶ 11-17 and Exh. H. In addition, <u>after</u> the commencement of his Chapter 7 Case, Debtor (unsuccessfully) moved the First Department to vacate the dismissal of, and to extend the time to perfect, two untimely appeals of State Court orders resolving Debtor's various motions for an advancement of defense expenses. Block Dec., ¶¶ 18-19 and Exh. I. Thus, the State Court is intimately familiar with the claims at issue. Moreover, given Debtor's efforts to re-litigate the same issues on multiple occasions before the State Court, Debtor should not be permitted to engage in forum-shopping in an obvious effort to try to raise in federal court the same issues that have been definitively disposed of–on multiple occasions—in the State Court.[6] Given the age of

---

[6] Despite the State Court conditionally awarding Debtor some of the relief requested in connection with one of his first few applications for an advancement of defense expenses, Block Dec., ¶ 13, Debtor, presumably unhappy with various portions of the State Court's rulings, continued to bombard the State Court with multiple requests for the same relief. Block Dec., ¶ 11 and ¶¶ 14-16. Under these circumstances, i.e., Debtor's filing of the Notice of Removal after receiving several unfavorable rulings on his serial applications for an advancement of defense expenses, certainly leaves an impression that Debtor is forum-shopping. See <u>Osuji</u>, 571 B.R. at 524 (filing of suit in bankruptcy court only after party received unfavorable rulings in the state court left the court with an "unmistakable impression of forum-shopping." (quoting <u>Visan</u>).

the action, the State Court's familiarity with the claims at issue and Debtor's history of attempting to re-litigate already decided issues, it would be prejudicial to Plaintiffs and inefficient for the courts for the parties to begin litigating these long-standing claims before a different court.

The eleventh factor, the existence of a right to a jury trial, also favors remand. The parties to the action have a right to a jury trial. See Visan, 458 B.R. at 60 (finding permissive abstention and equitable remand appropriate where, among other factors, "the parties have a right to a jury trial ...."). Failure to remand would deny the parties this fundamental right.

The twelfth factor, the presence in the proceeding of non-debtor parties, also favors remand. As noted above, this action involves several non-debtor parties: Plaintiffs, the Goetz Defendants, S. Woodrow and the Estate.

Because many of the key factors favor abstention and remand, Plaintiffs' claims against Debtor and Debtor's few remaining pending counterclaims against Plaintiffs should be remanded to the State Court.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court issue an order, pursuant to 28 U.S.C. §§ 1447(c), 1334(c)(1) and 1452(a), remanding this entire action to the State Court.

Dated: August 12, 2019
      New York, New York

QUINN McCABE LLP

By: /s/ Matthew S. Quinn
Matthew S. Quinn
Simon Block
9 East 40th Street, 14th Floor
New York, New York 10016
(212) 447-5500
Email: mquinn@qmlegal.com
Email: sblock@qmlegal.com
*Attorneys for Plaintiffs Worldview Entertainment Holdings Inc., Worldview Entertainment Holdings LLC, and Roseland Ventures LLC*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel for Plaintiffs hereby certifies that the within Memorandum of Law contains 3,971 words (exclusive of cover page, certification of compliance, table of contents, and table of authorities) and other complies with the formatting rules set forth in Section 2.D. of the Individual Practices of Judge John G. Koeltl.

QUINN McCABE LLP

By: _____
Matthew S. Quinn
Simon Block
9 East 40th Street, 14th Floor
New York, New York 10016
(212) 447-5500
Email: mquinn@qmlegal.com
Email: sblock@qmlegal.com
*Attorneys for Plaintiffs Worldview Entertainment Holdings Inc., Worldview Entertainment Holdings LLC, and Roseland Ventures LLC*