UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
WORLDVIEW ENTERTAINMENT HOLDINGS INC.,   Case No. 1:19-cv-06519 (JGK)
WORLDVIEW ENTERTAINMENT HOLDINGS LLC,
& ROSELAND VENTURES LLC,

                Plaintiffs,

      - against -

CHRISTOPHER WOODROW, SARAH WOODROW,
THE ESTATE OF CONSTANCE WOORDROW,
GOETZ FITZPATRICK LLP AND AARON BOYAJIAN,
ESQ.,

                Defendants.
------------------------------------------------------------------x

# PLAINTIFFS' REPLY MEMORANDUM OF LAW
# IN FURTHER SUPPORT OF THEIR MOTION FOR REMAND
# AND IN OPPOSITION TO DEFENDANT
# CHRISTOPHER WOODROW'S CROSS-MOTION TO TRANSFER VENUE

*Respectfully Submitted By:*

*Quinn McCabe LLP*
*9 East 40th Street, 14th Floor*
*New York, New York 10016*
*(212) 447-5500*
*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 2 |
|     I. REMAND OF PLAINTIFFS' CLAIMS AGAINST ALL NONDEBTOR DEFENDANTS IS REQUIRED AS THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER SUCH CLAIMS | 2 |
|     II. THE REMAINING PENDING CLAIMS IN THIS ACTION SHOULD BE REMANDED TO THE STATE COURT UNDER THE DOCTRINES OF PERMISSIVE ABSTENTION AND EQUITABLE REMAND | 5 |
| CONCLUSION | 10 |
| CERTIFICATE OF COMPLIANCE | 11 |

# TABLE OF AUTHORITIES

Page

**Cases**

Digital Satellite Lenders, LLC v. Ferchill,
  No. 03 Civ. 8803 (RWS), 2004 WL 1794502 (S.D.N.Y. Aug. 10, 2004) .............................. 2, 3

In re Eastburg, 440 B.R. 851 (Bankr. D.N.M. 2010) ...................................................................... 6

In re Horowitz, Adversary No. 09-8434-AST,
  2010 WL 814103 (Bankr. E.D.N.Y. Mar. 1, 2010) .................................................................. 5, 9

In re Kennedy, 108 F.3d 1015 (9th Cir. 1997) ................................................................................ 9

In re Latimer, 489 B.R. 844 (Bankr. N.D. Ala. 2013) .................................................................... 6

In re Wider, Adversary No. 09-08313-AST,
  2009 WL 4345411 (Bankr. E.D.N.Y. Nov. 30, 2009) ........................................................ passim

Little Rest Twelve, Inc. v. Visan, 458 B.R. 44 (S.D.N.Y. 2011) ..................................................... 9

Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574 (1999) ................................................................ 3

United States v. v. Cotton, 535 U.S. 625 (2002) ............................................................................ 3

Wallace v. Guretzky, No. CV–09–0071(SJF),
  2009 WL 3171767 (E.D.N.Y. Sept. 29, 2009) .......................................................................... 6

**Statutes and Rules**

28 U.S.C. §§ 1334(b) ..................................................................................................................... 7

28 U.S.C. §§ 1447(c) ..................................................................................................................... 3

Fed. R. Civ. P. 12(h)(3) .................................................................................................................. 3

Fed. R. Bankr. P. 4004(a) .............................................................................................................. 5

Fed. R. Bankr. P. 4007(c) .............................................................................................................. 5

**PRELIMINARY STATEMENT**

Plaintiffs respectfully submit this Reply Memorandum of Law in support of their motion for an order remanding this entire action to the New York state court, and in opposition to Debtor's cross-motion to transfer this action to the California bankruptcy court.[1] None of Debtor's arguments in opposition to Plaintiffs' motion are sufficient to overcome the need for remand. First, this Court lacks subject matter jurisdiction over Plaintiffs' claims against the nondebtor defendants, which are state law claims between nondebtor parties that will not have an effect on the bankruptcy estate. Contrary to Debtor's contention, this jurisdictional defect is one of subject matter, not personal, jurisdiction, cannot be waived by the parties, and requires remand of Plaintiffs' claims against the nondebtor defendants.

Second, remand of the claims between Plaintiffs and Debtor is warranted under the doctrines of permissive abstention and equitable remand. Debtor's main arguments in opposition to the remand of such claims is based on the false premise that the remand of this entire action will allegedly result in duplicative proceedings and the risk of inconsistent rulings given the pendency of Plaintiffs' nondischargeability complaint in the bankruptcy court. However, contrary to Debtor's contention, Plaintiffs, which filed their nondischargeability complaint only to preserve their claims to recover for Debtor's pre-petition misconduct, do not seek to litigate the same issues in multiple courts. Consistent with common practice in these very circumstances, and as Plaintiffs noted in their moving papers, upon remand of this entire action, Plaintiffs plan to ask the bankruptcy court to abstain from deciding the dischargeability issue

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in Plaintiff's moving memorandum of law (Doc. No. 5), referred to herein as "Mem." Debtor's memorandum of law in opposition to Plaintiffs' motion (Doc. No. 11-1) is referred to herein as "Opp."

until after the underlying claims have proceeded to judgment in the State Court. The claims between Plaintiffs and Debtor therefore can be efficiently adjudicated in the State Court (which has presided over this action for years), together with Plaintiffs' claims against the nondebtor defendants. Remand is particularly appropriate here given the many factors favoring such a result. In light of the foregoing, Debtor's cross-motion to transfer this action to the California bankruptcy court should be denied as moot.

## ARGUMENT

**I. REMAND OF PLAINTIFFS' CLAIMS AGAINST ALL NONDEBTOR DEFENDANTS IS REQUIRED AS THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER SUCH CLAIMS.**

Debtor, as the party seeking to justify removal, has failed to satisfy his burden of proving the existence of federal subject matter jurisdiction over Plaintiffs' claims against the nondebtor defendants. The federal courts in this Circuit consistently dismiss for lack of subject matter jurisdiction claims involving disputes between nondebtors that will not have an effect on the bankruptcy estate. See Mem., at 6-8. In his opposition to Plaintiffs' motion, Debtor does not challenge the fact that Plaintiffs' claims against the Goetz Defendants are state law claims between nondebtor parties that will not have an effect on the bankruptcy estate. See Digital Satellite Lenders, LLC v. Ferchill, No. 03 Civ. 8803 (RWS), 2004 WL 1794502, at *4 (S.D.N.Y. Aug. 10, 2004) (finding the absence of subject matter jurisdiction where the parties seeking removal "have not even argued that the resolution of [the] claims would have an effect on the

bankrupt estate").[2] Moreover, none of the defendants in this action have asserted cross-claims against any of the other defendants. Thus, consistent with the requirement for the existence of federal subject matter jurisdiction as to the claims asserted against <u>each defendant</u>, Mem., at 5-6, Debtor's failure to prove federal jurisdiction with respect to Plaintiffs' claims against the nondebtor defendants mandates the remand of all such claims.

Contrary to Debtor's contention, Opp., at 6, the Goetz Defendants' failure to seek remand of Plaintiffs' claims against them is irrelevant, as such inaction cannot possibly be deemed a waiver of the subject matter jurisdiction requirement.[3] Regardless of the parties' positions regarding the existence of subject matter jurisdiction, "limitations on subject-matter jurisdiction 'must be policed by the courts on their own initiative.'" <u>Digital Satellite Lenders, LLC</u>, 2004 WL 1794502, at *4 (quoting <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 583 (1999)); Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1447(c). Thus, Debtor's contention that Plaintiffs lack standing to assert the absence of federal subject matter jurisdiction over Plaintiffs' claims against the nondebtor defendants, Opp., at 6, is simply wrong, and the absence of subject matter jurisdiction with respect to such claims requires their remand.

---

[2] Debtor does not contest that Plaintiffs' claims against S. Woodrow and the Estate are state law claims between nondebtor parties that will not have an effect on the bankruptcy estate, and, in fact, does not even address Plaintiffs' claims against these parties.

[3] Debtor's contention that the Goetz Defendants may waive a "personal jurisdiction argument", Opp., at 6, misses the point; Plaintiffs' challenge to the removal of their claims against the nondebtor defendants is premised upon the Court's lack of subject matter jurisdiction, which is a non-waivable defect. <u>United States v. Cotton</u>, 535 U.S. 625, 630 (2002).

Debtor's contention that the Court has subject matter jurisdiction over Plaintiffs' claims against the nondebtor defendants because such claims allegedly arise from the "same operative facts as the claims against the Debtor", Opp., at 6, is also without merit. The mere fact that the two sets of claims share common facts is <u>not</u> a basis for federal subject matter jurisdiction. See Mem., at 6-7 (citing case law holding that federal courts lack subject matter jurisdiction over claims against nondebtor defendants where debtor fails to demonstrate that resolution of such claims would have an effect on bankrupt estate). Not surprisingly, Debtor fails to cite a single authority in support of this faulty assertion.

Finally, Debtor's contention that subject matter jurisdiction exists over Plaintiffs' claims against the nondebtor defendants merely because "[a]ny decision regarding [such] claims [or Plaintiffs' claims against Debtor] will legally affect the other", Opp., at 6, is similarly misplaced. A theoretical risk of inconsistent rulings on the two sets of Plaintiffs' claims (based on Debtor's false premise that two different courts will adjudicate Plaintiffs' claims against Debtor and Plaintiffs' claims against the nondebtor defendants, respectively), simply does not create subject matter jurisdiction. Mem., at 6-7 (citing case law with relevant standard). Again, not surprisingly, Debtor fails to cite a single authority in support of this contention. For the reasons stated herein and in Plaintiffs' moving papers, this Court lacks subject matter jurisdiction over Plaintiffs' claims against the nondebtor defendants, and therefore should remand these claims to the State Court.

## II. THE REMAINING PENDING CLAIMS IN THIS ACTION SHOULD BE REMANDED TO THE STATE COURT UNDER THE DOCTRINES OF PERMISSIVE ABSTENTION AND EQUITABLE REMAND.

Remand of the claims between Plaintiffs and Debtor is warranted under the permissive abstention and equitable remand doctrines. Virtually all of Debtor's contentions regarding the relevant factors considered by the courts in determining the appropriateness of remand are without merit.

First, contrary to Debtor's argument, Opp., at 7 (#1), remand would not have a "dire impact" on the administration of the bankruptcy estate because of alleged duplicative proceedings or the risk of inconsistent rulings. Contrary to Debtor's assertion, by filing the nondischargeability complaint in the bankruptcy court, Plaintiffs did not "voluntarily avail[] themselves of that forum to decide those claims." Opp., at 1. Rather, Plaintiffs filed the nondischargeability complaint only to preserve their claims to recover for Debtor's pre-petition misconduct. See Fed. R. Bankr. P. 4004(a) and 4007(c) (setting deadline for filing of complaint to determine dischargeability of debt under § 523(c)).

Where, as here, a creditor brings a pre-petition claim against the debtor in state court and subsequently files a nondischargeability action in the bankruptcy court based on the same conduct, it is common practice for the bankruptcy court to abstain from deciding the dischargeability issue until after the underlying claim has proceeded to judgment in state court. In re Horowitz, Adversary No. 09-8434-AST, 2010 WL 814103, at *2-*3 (Bankr. E.D.N.Y. Mar. 1, 2010) (bankruptcy court granted stay relief and abstained from hearing claims in adversary proceeding against a Chapter 7 debtor so that state court action could proceed to judgment); In re Wider, Adversary No. 09-08313-AST, 2009 WL 4345411, at *3 (Bankr. E.D.N.Y. Nov. 30, 2009) (same, with parties to return to bankruptcy court following trial of state court actions to

5

request entry of judgment under Section 523 based on state court findings); Wallace v. Guretzky, No. CV–09–0071(SJF), 2009 WL 3171767 (E.D.N.Y. Sept. 29, 2009) (affirming bankruptcy court order abstaining from adversary pending resolution of state court proceedings, retaining jurisdiction to thereafter determine nondischargeability).[4] As Plaintiffs noted in their moving papers, Mem., at 4 n.2, following this Court's order remanding the entire action to the State Court, Plaintiffs plan to promptly request that the bankruptcy court grant stay relief to allow Plaintiffs and Debtor to litigate the claims between them in the State Court, and hold the dischargeability issue in abeyance pending resolution of the State Court proceedings.

Second, Debtor's contention that state law issues "do not predominate", Opp., at 7 (#2), is simply wrong. Debtor's argument that state law issues do not predominate because the State Court previously stayed this action (as a result of the automatic stay triggered by Debtor's bankruptcy filing) has nothing to do with the plain (undisputed) fact that all pending claims in this action are state law claims. Similarly, Plaintiffs' filing of the nondischargeability proceeding does not alter the fact that state law issues predominate all of the pending claims in this action. See, e.g., In re Wider, 2009 WL 4345411, at *2 ("[I]n this adversary, the issues

---

[4] See also In re Latimer, 489 B.R. 844, 871 (Bankr. N.D. Ala. 2013) (discussing "common practice of permitting the litigation of the issues of liability and damages in a dischargeability case to proceed in state court, … and holding the issues of dischargeability in abeyance until after the state court action has been concluded …."); In re Eastburg, 440 B.R. 851, 862 (Bankr. D.N.M. 2010) (same); id., at 861 ("[B]ankruptcy courts and state courts have concurrent jurisdiction to adjudicate claims arising under applicable non-bankruptcy law").

6

potentially giving rise to determinations of nondischargeability are issues of state law, with the sole exception of the conclusions to be made under Section 523(a).").

Third, contrary to Debtor's contention, Opp., at 7 (#4), the existence of the Johnson and Morgan Actions also favors remand. This action was previously consolidated for discovery purposes with the Johnson and Morgan Actions. If this action is not remanded, depositions and other discovery will be subject to needless duplication in this action <u>and</u> in the two related actions, a waste of resources the State Court sought to avoid in consolidating these three related actions for discovery purposes.

Fourth, contrary to Debtor's contention, Opp., at 7 (#5), the only basis for federal court jurisdiction identified in Debtor's Notice of Removal is 28 U.S.C. § 1334(b). The lack of any other basis for federal court jurisdiction supports remand of this entire action.

Fifth, contrary to Debtor's contention, Opp., at 7 (#8), the eighth factor, which examines the feasibility of allowing judgments to be entered in state court with enforcement left to the bankruptcy court, also weighs in favor of remand. <u>See</u> <u>In re Wider</u>, 2009 WL 4345411, at *3 ("This Court will abstain from hearing this adversary … in favor of the state court trying the State Court Actions to judgment …. Plaintiffs and/or Debtor shall return to this Court following the final trial of such cases and ask this Court to enter a judgment under Section 523 based on the [state court] findings."). Here, as in <u>In re Wider</u>, Plaintiffs' state law claims against Debtor should proceed to judgment in the State Court, and the parties may thereafter address the issue of nondischargeability in the bankruptcy court. Thus, the eighth factor also weighs in favor of remand.

Sixth, contrary to Debtor's contention, Opp., at 7 (#9), the burden of the court's docket, also weighs in favor of remand. This action, which was initially commenced in the State Court

7

almost five years ago, has been actively litigated since its commencement, with the parties already having conducted extensive written discovery and engaged in extensive motion practice. See Mem., at 11-12. By contrast, the Adversary Proceeding Complaint was filed only three months ago. Clearly, the State Court is more familiar with the claims at issue than the bankruptcy court, and therefore is in a better position to more efficiently adjudicate all pending claims in this action.

      Seventh, the tenth factor, the likelihood that removal involves forum shopping by one of the parties (as well as a related factor, the prejudice to the involuntarily removed parties), strongly favors remand. Given the age of the action, the State Court's familiarity with the claims at issue and Debtor's history of repeatedly attempting to re-litigate already-decided issues, it would be prejudicial to Plaintiffs and inefficient for both the courts and for the parties to begin litigating these long-standing claims before a different court. Mem., at 11-13. Debtor's failure to substantively respond to Plaintiffs' arguments in this regard (especially concerning Debtor's history of attempting to re-litigate in the State Court already-decided issues) speaks volumes.[5]

---

[5] Debtor's contention that Plaintiffs are forum shopping by seeking to have the matter remain in New York because Debtor currently resides in California, Opp. at 8 (#10), is preposterous. When Plaintiffs commenced this action, and for several years thereafter, Debtor resided in New York. Moreover, Debtor's conduct which forms the basis of Plaintiffs' claims against Debtor occurred in New York. Thus, by seeking remand, Plaintiffs are merely seeking to continue to adjudicate their claims against Debtor in the court which is already familiar with the issues and in the location where Debtor allegedly committed the tortious conduct.

Eighth, contrary to Debtor's contention, Opp., at 8 (#11), the eleventh factor, the existence of a right to a jury trial, also weighs heavily in favor of remand. See In re Kennedy, 108 F.3d 1015, 1019 (9th Cir. 1997) (bankruptcy court acted within its jurisdiction in entering a money judgment against Debtor without the assistance of a jury in conjunction with a finding that the debt was non-dischargeable). Consistent with the Ninth Circuit's holding that there is no right to a jury trial with respect to any aspect of a nondischargeability proceeding (including the liquidation of the claim), courts within the Second Circuit have cited to the existence of a right to a jury trial in favor of remand. See Little Rest Twelve, Inc. v. Visan, 458 B.R. 44, 60 (S.D.N.Y. 2011) (Koeltl, J.) (finding permissive abstention and equitable remand appropriate where, among other factors, "the parties have a right to a jury trial …."); see also In re Horowitz, 2010 WL 814103, at *5 ("[A]ll of the parties have jury trial rights before the State Court; however, absent full consent, this Court could not preside over the State Court Action if removed to this Court."); In re Wider, 2009 WL 4345411, at *3 (same). Thus, a failure to remand will result in the loss of Plaintiffs' fundamental right to have their claims presented to and decided by a jury.

Finally, the twelfth factor, the presence in the proceeding of nondebtor parties, unquestionably favors remand. Contrary to Debtor's assertion, as noted in Point I above, the fact that the nondebtor defendants have not "yet raised any objection" to the adjudication of Plaintiffs' claims against them in the bankruptcy court, Opp., at 8 (#12), is irrelevant. The fact remains that this Court lacks subject matter jurisdiction over Plaintiffs' state law claims against the nondebtor defendants, and that such claims therefore can only proceed in the State Court. See, e.g., In re Horowitz, 2010 WL 814103, at *5 ("The State Court Action is a multiparty action, including a party other than Williams and Debtor. This Court has no core jurisdiction over the claims of the nondebtor Williams against the nondebtor Granat."); In re Wider, 2009

9

WL 4345411, at *3 (same). Because many of the key factors favor abstention and remand, the claims between Plaintiffs and Debtor should be remanded to the State Court.[6]

## CONCLUSION

Plaintiffs respectfully request that the Court issue an order remanding this entire action to the State Court, and denying Debtor's cross-motion to transfer this action to the California bankruptcy court.

Dated: September 20, 2019
       New York, New York

QUINN McCABE LLP

By: _____
Matthew S. Quinn
Simon Block
9 East 40th Street, 14th Floor
New York, New York 10016
(212) 447-5500
Email: mquinn@qmlegal.com
Email: sblock@qmlegal.com
*Attorneys for Plaintiffs*

---

[6] For the reasons set forth above and in Plaintiffs' moving papers, this Court should remand this entire action to the State Court and deny Debtor's cross-motion to transfer this action to the California bankruptcy court as moot.

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel for Plaintiffs hereby certifies that the within Reply Memorandum of Law contains 2,798 words (exclusive of cover page, certification of compliance, table of contents, and table of authorities) and other complies with the formatting rules set forth in Section 2.D. of the Individual Practices of Judge John G. Koeltl.

QUINN McCABE LLP

By: _____
Matthew S. Quinn
Simon Block
9 East 40th Street, 14th Floor
New York, New York 10016
(212) 447-5500
Email: mquinn@qmlegal.com
Email: sblock@qmlegal.com
*Attorneys for Plaintiffs*