UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| WORLDVIEW ENTERTAINMENT HOLDINGS INC., WORLDVIEW ENTERTAINMENT HOLDINGS LLC, and ROSELAND VENTURES LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>CHRISTOPHER WOODROW, SARAH WOODROW, THE ESTATE OF CONSTANCE WOODROW, GOETZ FITZPATRICK LLP, and AARON BOYAJIAN,<br><br>    Defendants.<br>---<br>CHRISTOPHER WOODROW,<br><br>    Counterclaim Plaintiff,<br><br>v.<br><br>WORLDVIEW ENTERTAINMENT HOLDINGS INC., WORLDVIEW ENTERTAINMENT HOLDINGS LLC, and ROSELAND VENTURES LLC,<br><br>    Counterclaim Defendants,<br>---<br>CHRISTOPHER WOODROW,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>MARIA A. CESTONE and MOLLY CONNERS,<br><br>    Third-Party Defendants. | **REPLY MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO REMAND AND IN SUPPORT OF CROSS-MOTION TO TRANSFER**<br><br>Case Number: 1:19-cv-06519 (JGK)<br><br>Central District of California Bankruptcy<br>Case No.: 2:19-bk-12753-SK<br><br>Supreme Court, New York County<br>Index No. 159948/2014 |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... i

PRELIMINARY STATEMENT ...............................................................................1

ARGUMENT..............................................................................................................1

CONCLUSION...........................................................................................................2

# TABLE OF AUTHORITIES

**Cases**

Diaz-Barba v. Kismet Acquisition, LLC, 2010 U.S. Dist. LEXIS 50320, *31 (S.D. Cal. May 20, 2010) ...................................................................................................3

*Reid-Ashman Mfg. v. Swanson Semiconductor Serv., L.L.C.*, 2008 U.S. Dist. LEXIS 14748, *5-6 (N.D. Cal. Feb. 14, 2008) ..................................................................2

*SenoRx, Inc.*, 2007 U.S. Dist. LEXIS 66065, at *3-4 (*quoting In re Commonwealth Oil Refining Co., Inc.*, 596 F.2d 1239, 1247 (5th Cir.1979)) ..................................................................................................................2

**Statutes**

28 U.S.C. § 1404(a) ........................................................................................................3

## PRELIMINARY STATEMENT

Christopher Woodrow ("**Debtor**") respectfully submits this Reply Memorandum of Law in further support of Debtor's cross-motion to transfer this action to the United States Bankruptcy Court for the Central District of California ("**Bankruptcy Court**").

## ARGUMENT

As a threshold matter, Plaintiffs failed to rebut the cross-motion's arguments for transfer. Although Plaintiffs memorandum of law is titled as one that is both a reply in support of their motions to remand and in opposition to the cross-motion to transfer, its content does not address the arguments presented in favor of Debtor's cross-motion. Accordingly, Debtor submits respectfully that his cross-motion should be granted by default as unopposed.

Further, Plaintiffs' arguments regarding remand support transfer. Plaintiffs concede, as they must, that related claims should be heard together, and that duplicative litigation should be avoided. However, the only court that can provide that result in the Bankruptcy Court, and it follows that transfer should be ordered. This result flows from a few straightforward facts and premises:

- All claims against the Debtor, his wife, and his mother's estate are within the exclusive jurisdiction of the Bankruptcy Court and will remain there by federal statutory law until and unless the Bankruptcy Court discharges any of those claims.

- Plaintiffs filed an application disputing dischargeability that is pending in the Bankruptcy Court, but regarding only a subset of those claims. Consequently, some claims will remain with the Bankruptcy Court regardless of the outcome of Plaintiffs' application.

- The Bankruptcy Court has exclusive jurisdiction to determine dischargeability issues, and so party and non-party witnesses must appear in the Bankruptcy Adversary, and extensive documentary evidence must be submitted there, before that Court will decide the dischargeability of even a subset of the claims. *See SenoRx, Inc.*, 2007 U.S. Dist. LEXIS 66065, at *3-4 (*quoting In re Commonwealth Oil Refining Co., Inc.*, 596 F.2d 1239, 1247 (5th Cir.1979)); *see also Reid-Ashman Mfg. v. Swanson Semiconductor Serv., L.L.C.*, 2008 U.S. Dist. LEXIS 14748, *5-6 (N.D. Cal. Feb. 14, 2008).
- If the Plaintiffs lose that application to discharge certain claims, as we expect they will, all related claims against the Debtor will proceed in the Bankruptcy Court.
- If Plaintiffs prevail regarding dischargeability, they still can litigate their claims in an adversary proceeding in the Bankruptcy Court.
- If they take those claims out of the bankruptcy court and bring them to New York, after considerable delay, that would split the claims into two actions across the country, and repeat much of the same litigation that was required to decide dischargeability.

This nonsense furthers only the Plaintiffs' strategy to maximize the Debtor's litigation burden, heedless to the effect this scorch-the-earth approach will have upon scarce court resources and upon the witnesses, party and nonparty, who will have to appear at serial hearings across a continent.

The Bankruptcy Court is the only court that can hear all related claims without delay and inefficiency. Consequently, transfer of this entire action to the Bankruptcy Court will

promote the most fair, speedy, and economical disposition of both the Debtor's bankruptcy estate and all related claims. According to the policies argued in Debtor's original papers and Plaintiffs' opposition, this Court should transfer the action to the Bankruptcy Court.

It follows that transfer to the Bankruptcy Court will promote the interests of justice by, among other things, avoiding the risk of inconsistent rulings and ensuring the claims (which are identical in the Bankruptcy Adversary and State Court Action) are resolved by the Bankruptcy Court, which holds exclusive, core jurisdiction over nondischargeability actions under sections 523(a)(2), (4) and (6). *See Diaz-Barba v. Kismet Acquisition, LLC,* 2010 U.S. Dist. LEXIS 50320, *31 (S.D. Cal. May 20, 2010) ("Public policy strongly favors centralization of core bankruptcy proceedings."). Alternative grounds for the same result are found in 28 U.S.C. § 1404(a), because the parties are already litigating in the Bankruptcy Court an adversary action which was filed over three months ago.

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests the entry of an order denying the motions for remand and granting the motion to transfer this action to the United States Bankruptcy Court for the Central District of California, together with any other relief as may be just and proper

Dated: September 27, 2019  
       New York, New York

PINNISI & ANDERSON

By: *s/Michael D. Pinnisi*  
Michael D. Pinnisi  
S.D.N.Y. Bar Number: MP 0587  
520 Cayuga Heights Road, Suite 100  
Ithaca, New York 14850  
Telephone: (607) 257-8000  
Email: mpinnisi@pinnisianderson.com  
*Local counsel for Christopher Woodrow*

OF COUNSEL:

AFFELD GRIVAKES LLP
*Litigation Counsel for Christopher Woodrow*
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 979-8700

LESLIE COHEN LAW
*Bankruptcy Counsel for Christopher Woodrow*
506 Santa Monica Boulevard, Suite 200
Santa Monica, California 90401
Telephone: (310) 394-5900